IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EARVY AND LOUISE PILCHER,**                                 **PLAINTIFFS,**

**VS.**                                          **CIVIL ACTION NO.: 4:04CV 128-P-B**

**COLDWELL BANKER REAL
ESTATE CORPORATION, COLDWELL
BANKER FIRST GREENWOOD-LEFLORE
REALTY, INC., LEFLORE PROPERTIES, INC.,
JIM PRUETT, LINDA PRUETT,
BANK OF COMMERCE, TERRY GREEN,
And JOHN DOE, a real estate appraiser
Whose true name is presently unknown,**                     **DEFENDANTS.**

## ORDER

These matters come before the court upon Coldwell Banker Real Estate Corporation's Motion to Dismiss and Remand Action to State Court [74-1] and Bank of Commerce's Motion to Dismiss [91-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

It is the purpose of a Rule 12(b)(6) motion to test the formal sufficiency of the statement for relief; it is not a procedure to be invoked to resolve a contest about the facts or the merits of a case. *Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976). On a Rule 12(b)(6) motion, the court's inquiry is essentially limited to the content of the complaint. *E.g., Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994), *cert. denied* 513 U.S. 868. While deciding a Rule 12(b)(6) motion, allegations of the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *E.g., Shipp v. McMahon*, 234 F.3d 907 (5th Cir. 2000), *cert. denied* 532 U.S. 1052.

The test usually applied to determine the sufficiency of the complaint was set out in *Conley v. Gibson*, 355 U.S. 41 (1957). Justice Black, writing for the majority, stated:

> [I]n appraising the sufficiency of the complaint, we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* at 45-46.

After construing the allegations in the Amended Complaint favorably to the plaintiffs, the court concludes that the defendants have not met their burden in demonstrating beyond doubt that the plaintiffs can prove no set of facts in support of their claims under RICO, 18 U.S.C. § 1962. Furthermore, the court concludes that the plaintiffs have sufficiently alleged the "who, what, when, where, and how" of their RICO claims to not run afoul of Federal Rule of Civil Procedure 9(b)'s particularity requirements.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Coldwell Banker Real Estate Corporation's Motion to Dismiss and Remand Action to State Court [74-1] is **DENIED**; and

(2) Bank of Commerce's Motion to Dismiss [91-1] is likewise **DENIED**.

**SO ORDERED** this the 15th day of June, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE